UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PNC BANK, NATIONAL
ASSOCIATION, successor to RBC
BANK (USA), which was the
successor to FLORIDA CHOICE
BANK,

    Plaintiff,

v.   Case No:  5:15-cv-563-Oc-30PRL

MARANATHA PROPERTIES, INC.,
a Florida corporation, and JUAN
ADRIATICO,

    Defendants.
_____/

# ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Strike Defendants' Answer (Doc. 32) and Defendants' response in opposition (Doc. 39).  The Court, having considered the motion and response, and being otherwise fully advised in the premises, concludes that Plaintiff's motion should be granted in part and denied in part.

## BACKGROUND[1]

Plaintiff initiated this action seeking to enforce loan documents and to foreclose a mortgage.  (Doc. 1).  In November 2004, Plaintiff, through its predecessor Florida Choice Bank, loaned Defendant Maranatha Properties, Inc. ("Maranatha") $1,800,000.00.  (*Id.* at

---

[1]The following facts are derived from Plaintiff's complaint and do not constitute findings of fact.

3). The loan was evidenced by execution of a Promissory Note (the "Note"), and the Note was secured by a Mortgage and Security Agreement (the "Mortgage") granting a security interest in real property located in Marion and Lake Counties, Florida. (*Id.*, Exs. 1-2). Maranatha also executed an Assignment of Rents and Leases (the "Assignment"), which provided for absolute and unconditional assignment of leases, rents, and profits derived from the real property subject to the Mortgage. (*Id.*, Ex. 3). Juan Adriatico executed a Continuing and Unconditional Guaranty guaranteeing payment of the amounts due under the Note. (*Id.*, Ex. 4).

On several occasions the parties agreed to extend the maturity date of the Note, ultimately agreeing on a maturity date of October 29, 2012. (*Id.*, Exs. 7-10). Plaintiff alleges that Maranatha defaulted under the terms of the Note by failing to pay the amounts due under the Note upon maturity on October 29, 2012, and by failing to pay the 2013 and 2014 real estate taxes on the property securing the Mortgage. (*Id.* at 7). Despite notifying Maranatha of the default and demanding payment, Maranatha has not cured the default.

As a result of the default, Plaintiff asserts that as of October 13, 2015, Maranatha owes Plaintiff a total of $1,730,179.85, consisting of $1,464,493.44 in unpaid principal, $179,675.87 in interest, $85,985.54 in late fees, and a $25 administrative fee. (*Id.* at 8). Plaintiff also requests recovery of expenses, costs, and attorney's fees expended in an effort to protect Plaintiff's security interest as provided for in the Note. Plaintiff filed a verified complaint pursuant to this Court's diversity jurisdiction alleging claims for (1) breach of promissory note against Maranatha, (2) mortgage foreclosure against Maranatha and Mr. Adriatico, (3) foreclosure of security interest in leases and rents against Maranatha and Mr.

Adriatico, (4) foreclosure of security interest in personal property against Maranatha and Mr. Adriatico, and (5) breach of guaranty against Mr. Adriatico.

Defendants answered the complaint declining to respond to each paragraph of the complaint by invoking the Fifth Amendment privilege against self-incrimination. (Doc. 23). Plaintiff now seeks to strike the answer on several grounds. (Doc. 32). First, Plaintiff asserts that Maranatha, as a corporation, cannot invoke the privilege against self-incrimination. Second, Plaintiff contends that Mr. Adriatico's blanket assertion of the privilege does not suffice to properly invoke the privilege. Last, Plaintiff asserts that Defendants' affirmative defense of unclean hands should be stricken as immaterial and impertinent.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 12(f), a party may move to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." But striking an allegation from a pleading is an extreme measure and will rarely be granted. *See Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) ("A motion to strike is a drastic remedy . . . which is disfavored by the courts." (internal quotation marks omitted)). Generally, a motion to strike will "be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Seibel v. Soc'y Lease, Inc.*, 969 F. Supp. 713, 715 (M.D. Fla. 1997).

**1.     Maranatha's Invocation of the Fifth Amendment Privilege Against Self-Incrimination**

It is well-settled that a corporation does not possess a Fifth Amendment privilege against self-incrimination. *See Okla. Press Publ'g Co. v. Walling*, 327 U.S. 186, 204-05 (1946); *see also Martinez v. Majestic Farms, Inc.*, No. 05-60833-CIV, 2008 WL 239164, at *2 (S.D. Fla. Jan. 28, 2008) (recognizing that a corporation does not have the right to invoke the Fifth Amendment privilege against self-incrimination). The Supreme Court has noted that "[a]ny claim of Fifth Amendment privilege asserted by the [corporate] agent would be tantamount to a claim of privilege by the corporation—which of course possesses no such privilege." *Braswell v. United States*, 487 U.S. 99, 110 (1988). Defendants assert, however, that Mr. Adriatico, as an agent for Maranatha, cannot be compelled to waive his Fifth Amendment privilege on behalf of Maranatha, which necessarily means that Mr. Adriatico's assertion of the privilege extends to Maranatha. (Doc. 39 at 8-11).

Defendants' argument is not novel. In situations where an individual, who is also an agent of a corporation, asserts a Fifth Amendment privilege, like Mr. Adriatico has in the present case, courts have required the corporation to answer the complaint, even if it means that the corporation must appoint someone to answer the pleading who can do so without fear of self-incrimination, such as the corporation's attorney. *See eBay, Inc. v. Digital Point Solutions, Inc.*, No. C 08-4052 JF (PVT), 2010 WL 702463, at *7 (N.D. Cal. Feb. 25, 2010). In *SEC v. Leach*, the court considered whether a corporation could be excused from answering a complaint on the ground that the only individual who possessed the knowledge required to answer the complaint invoked his Fifth Amendment privilege

4

against self-incrimination. 156 F. Supp. 2d 491, 495 (E.D. Penn. 2001). The court concluded that "[i]f one person within the corporation is unable to answer the complaint, the corporation must appoint someone else to do so," and if no other corporate officer exists, corporate counsel may answer. *Id.* at 498.

Maranatha cannot rely on Mr. Adriatico's assertion of the privilege to shield itself from answering Plaintiff's complaint. Maranatha's answer to the complaint should be stricken and Maranatha will be provided leave to file an amended answer.

**2.   Mr. Adriatico's Invocation of the Fifth Amendment Privilege Against Self-Incrimination**

It is equally well-settled that an individual may invoke the Fifth Amendment privilege against self-incrimination in a civil action and may assert such privilege in his or her answer to a complaint.

> The Fifth Amendment provides that no person shall be compelled in any criminal case to be a witness against himself. The Amendment not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.

*Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973) (internal quotation marks omitted); *see also SEC v. Arias*, No. CV 12-2937(ADS)(GRB), 2012 WL 4849151, at *3 (E.D.N.Y. Sept. 14, 2012), *report and recommendation adopted by* No. 12 CV 2937(DRH)(GRB), 2012 WL 4849346 (E.D.N.Y. Oct. 11, 2012) (concluding that the Fifth Amendment privilege may be invoked in an answer to a complaint). But an individual may not make a blanket assertion of the privilege. *See Anglada v. Sprague*, 822 F.2d 1035, 1037 (11th Cir. 1987

(rejecting a blanket invocation of the Fifth Amendment privilege); *Sallah v. Worldwide Clearing LLC*, 855 F. Supp. 2d 1364, 1370-71 (S.D. Fla. 2012) (recognizing that, in the context of discovery, "a person may not make a blanket objection . . . based on her Fifth Amendment privilege").

In the present case, Mr. Adriatico declines to respond to all seventy-five paragraphs of Plaintiff's complaint asserting his Fifth Amendment privilege against self-incrimination. (Doc. 23). For example, Mr. Adriatico asserts his Fifth Amendment privilege to avoid responding to paragraph 6 of the complaint, which states that Mr. Adriatico is "an individual citizen of Florida who resides in Volusia County, Florida and is *sui juris*." (Doc. 1 at 2). The Fifth Amendment privilege "only applies where the individual has a legitimate risk of criminal liability." *Cabeza v. City of Orlando*, No. 6:13-cv-1938-Orl-40TBS, 2015 WL 1334376, at *2 (M.D. Fla. Mar. 24, 2015); *see also United States v. Goodwin*, 625 F.2d 693, 700 (5th Cir. 1980)[2] ("[T]he Fifth Amendment privilege is applicable where the defendant has 'reasonable cause to apprehend danger from a direct answer.'" (quoting *Hoffman v. United States*, 341 U.S. 479, 486 (1951)). It is hard to fathom that Mr. Adriatico's admission or denial of his citizenship would reasonably lead to incriminating information. Because Mr. Adriatico's blanket assertion necessarily covers innocuous information, such a blanket assertion of the privilege is improper and does not suffice to invoke the privilege against self-incrimination.

---

[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Because Mr. Adriatico's blanket assertion of the Fifth Amendment privilege is overbroad, his answer should be stricken and Mr. Adriatico will be provided leave to file an amended answer where he may assert the privilege as to the specific allegations of Plaintiff's complaint where it may apply.[3] *See N. River Ins. Co. v. Stefanou*, 831 F.2d 484, 487 (4th Cir. 1987) ("[A] proper invocation of the privilege [does not] mean that a defendant is excused from the requirement to file a responsive pleading; he is obliged to answer those allegations that he can and to make a specific claim of the privilege as to the rest.").

### 3.  Unclean Hands Affirmative Defense

Plaintiff requests that the Court strike Defendants' affirmative defense of unclean hands as impertinent and immaterial because it is based solely on Defendants' unfounded belief that the Note was the product of the unauthorized practice of law. (Doc. 32 at 5). Although Defendants' affirmative defense appears untenable, as the Court has rejected its assertion in ruling on other matters in this case, the Court concludes that the affirmative defense is not so impertinent or immaterial as to be prejudicial to Plaintiff and warrant being struck from Defendants' answer.

---

[3]Plaintiff is cautioned, however, that when the Fifth Amendment privilege against self-incrimination is asserted in a civil case, the assertion may ultimately result in a conclusion at trial or on a motion for summary judgment that the plaintiff's evidence is unrebutted and that defendant is unable to establish any genuine issue of material fact. *See Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976) ("[T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them."). Additionally, if the assertion of the privilege is not made in good faith or is used in an abusive manner, sanctions pursuant to Federal Rule of Civil Procedure 11 may be warranted. *See* Fed. R. Civ. P. 11 (b)-(c).

## CONCLUSION

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion to Strike Defendants' Answer (Doc. 32) is granted in part and denied in part as described herein.

2. Within fourteen (14) days of the date of this Order, Defendants may file amended answers to Plaintiff's complaint consistent with this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 21st day of January, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record