**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

PNC BANK, NATIONAL
ASSOCIATION, successor to RBC
BANK (USA), which was the
successor to FLORIDA CHOICE
BANK,

      Plaintiff,

v.                                     Case No:  5:15-cv-563-Oc-30PRL

MARANATHA PROPERTIES, INC.,
a Florida corporation, and JUAN
ADRIATICO,

      Defendants.
_____/

# <u>ORDER</u>

THIS CAUSE comes before the Court upon Defendants' Joint Motion to Compel Arbitration, Stay Action on Just Terms, Notice of Election of Arbitration (Doc. 19), Plaintiff's response in opposition (Doc. 28), and Defendants' reply (Doc. 40).  The Court, having considered the motion, response, and reply, and being otherwise fully advised in the premises, concludes that Defendants' motion should be denied.

## <u>BACKGROUND</u>[1]

Plaintiff initiated this action seeking to enforce loan documents and to foreclose a mortgage.  (Doc. 1).  In November 2004, Plaintiff, through its predecessor Florida Choice

---

[1]The following facts are derived from Plaintiff's verified complaint and do not constitute findings of fact.

Bank, loaned Defendant Maranatha Properties, Inc. ("Maranatha") $1,800,000.00. (*Id.* at 3). The loan was evidenced by execution of a Promissory Note (the "Note"), and the Note was secured by a Mortgage and Security Agreement (the "Mortgage") granting a security interest in real property located in Marion and Lake Counties, Florida. (*Id.*, Exs. 1-2). Maranatha also executed an Assignment of Rents and Leases (the "Assignment"), which provided for absolute and unconditional assignment of leases, rents, and profits derived from the real property subject to the Mortgage. (*Id.*, Ex. 3). Juan Adriatico executed a Continuing and Unconditional Guaranty guaranteeing payment of the amounts due under the Note. (*Id.*, Ex. 4).

On several occasions the parties agreed to extend the maturity date of the Note, ultimately agreeing on a maturity date of October 29, 2012. (*Id.*, Exs. 7-10). Plaintiff alleges that Maranatha defaulted under the terms of the Note by failing to pay the amounts due under the Note upon maturity on October 29, 2012, and by failing to pay the 2013 and 2014 real estate taxes on the property securing the Mortgage. (*Id.* at 7). Despite notifying Maranatha of the default and demanding payment, Maranatha has not cured the default.

As a result of the default, Plaintiff asserts that as of October 13, 2015, Maranatha owes Plaintiff a total of $1,730,179.85, consisting of $1,464,493.44 in unpaid principal, $179,675.87 in interest, $85,985.54 in late fees, and a $25 administrative fee. (*Id.* at 8). Plaintiff also requests recovery of expenses, costs, and attorney's fees expended in an effort to protect Plaintiff's security interest as provided for in the Note. Plaintiff filed a verified complaint pursuant to this Court's diversity jurisdiction alleging claims for (1) breach of promissory note against Maranatha, (2) mortgage foreclosure against Maranatha and Mr.

Adriatico, (3) foreclosure of security interest in leases and rents against Maranatha and Mr. Adriatico, (4) foreclosure of security interest in personal property against Maranatha and Mr. Adriatico, and (5) breach of guaranty against Mr. Adriatico.

## **DISCUSSION**

By its present motion, Defendants seek to compel Plaintiff to participate in arbitration pursuant to an arbitration provision contained in a document titled "Account Agreement for Personal Checking, Savings and Money Market Accounts" (the "Account Agreement").  (Doc. 19, Ex. A).  Plaintiff counters that no valid agreement to arbitrate exists because Defendants are not parties to the Account Agreement and the loan documents described in the complaint constitute the complete agreement between the parties and do not provide for arbitration.  (Doc. 28).

It is well established that federal law strongly favors the arbitration of disputes and requires that federal courts rigorously enforce arbitration agreements.  *See U.S. Fid. & Guar. Co. v. W. Point Constr. Co., Inc.*, 837 F.2d 1507, 1508 (11th Cir. 1988). "[A]rbitration is a matter of contract [and] the [Federal Arbitration Act's] strong proarbitration policy only applies to disputes that the parties have agreed to arbitrate." *Lawson v. Life of the S. Ins. Co.*, 648 F.3d 1166, 1170 (11th Cir. 2011) (internal quotation marks omitted).  A court "will not compel parties to arbitrate a dispute where the parties have not agreed to do so."  *Scott v. EFN Invs., LLC*, 312 F. App'x 254, 256 (11th Cir. 2009).

There are three elements for a court to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists, (2)

3

whether an arbitrable issue exists, and (3) whether the right to arbitration has been waived. *Cuningham Hamilton Quiter, P.A. v. B.L. of Miami, Inc.*, 776 So. 2d 940, 942 (Fla. 3d DCA 2000).  At issue here is whether a valid written agreement to arbitrate exists between Plaintiff and Defendants.

The Court agrees with Plaintiff that Defendants have failed to establish the existence of a valid written agreement to arbitrate.  To prove the existence of a contract under Florida law, the party seeking to enforce the contract must prove "offer, acceptance, consideration and sufficient specification of essential terms." *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004).   The proponent of the contract must prove these elements by a preponderance of the evidence. *See id.*; *see also Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985).  "[T]he one who should lose on the issue of an agreement to arbitrate is the one who failed to carry its burden of proving an acceptance of arbitration as a contractual remedy." *Steve Owren, Inc. v. Connolly*, 877 So. 2d 918, 920 (Fla. 4th DCA 2004).

The loan documents at issue in this case as described and attached to Plaintiff's complaint constitute the whole agreement between the parties as to the loan, and Defendants have offered no evidence to the contrary.  The loan documents do not contain an arbitration provision.  Defendants attempt to rely on the Account Agreement, but they have not established that they are parties to the Account Agreement.  In fact, by the very terms of the Account Agreement, which was not created until October 2015—well after Defendants executed the loan documents—it is unreasonable to conclude that Defendants would have agreed to be bound by the Account Agreement in executing the loan

documents.  The Account Agreement provides that it applies to "PNC Bank checking, savings, and money market accounts."  (Doc. 19, Ex. A at 3).  It is unambiguous from the Account Agreement that it applies to personal bank accounts and does not indicate that it applies to other types of accounts or agreements, such as the commercial loan documents at issue in this case.

Because Defendants have not established that a valid agreement to arbitrate exists between the parties, their motion should be denied.

## CONCLUSION

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1.  Defendants' Joint Motion to Compel Arbitration, Stay Action on Just Terms, Notice of Election of Arbitration (Doc. 19) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 22nd day of January, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record