## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

PNC BANK, NATIONAL
ASSOCIATION, successor to RBC
BANK (USA), which was the
successor to FLORIDA CHOICE
BANK,

      Plaintiff,

v.                                         Case No: 5:15-cv-563-Oc-30PRL

MARANATHA PROPERTIES, INC.,
a Florida corporation, and JUAN
ADRIATICO,

      Defendants.

_____/

# <u>ORDER</u>

THIS CAUSE comes before the Court upon Plaintiff's Motion for Entry of Order Enforcing Assignment of Rents Pursuant to Florida Statute § 697.07 (Doc. 8) and Defendants' response in opposition (Doc. 17). The Court, having reviewed the motion and response, and being otherwise fully advised in the premises, concludes that Plaintiff's motion should be granted.

## BACKGROUND[1]

Plaintiff initiated this action seeking to enforce loan documents and to foreclose a mortgage.  (Doc. 1).  In November 2004, Plaintiff, through its predecessor Florida Choice Bank, loaned Defendant Maranatha Properties, Inc. ("Maranatha") $1,800,000.00.  (*Id.* at 3).  The loan was evidenced by execution of a Promissory Note (the "Note"), and the Note was secured by a Mortgage and Security Agreement (the "Mortgage") granting a security interest in real property located in Marion and Lake Counties, Florida (the "Properties").  (*Id.*, Exs. 1-2).  Maranatha also executed an Assignment of Rents and Leases (the "Assignment of Rents"), which provided for absolute and unconditional assignment of leases, rents, and profits derived from the Properties subject to the Mortgage in the event of default.  (*Id.*, Ex. 3).  Juan Adriatico executed a Continuing and Unconditional Guaranty guaranteeing payment of the amounts due under the Note.  (*Id.*, Ex. 4).

On several occasions the parties agreed to extend the maturity date of the Note, ultimately agreeing on a maturity date of October 29, 2012.  (*Id.*, Exs. 7-10).  Plaintiff alleges that Maranatha defaulted under the terms of the Note by failing to pay the amounts due under the Note upon maturity on October 29, 2012, and by failing to pay the 2013 and 2014 real estate taxes on the property securing the Mortgage.  (*Id.* at 7).  Despite notifying Maranatha of the default and demanding payment, Maranatha has not cured the default.  (*Id.*, Ex. 12).

---

[1] The following facts are derived from Plaintiff's verified complaint (Doc. 1) and do not constitute findings of fact.

As a result of the default, Plaintiff asserts that as of October 13, 2015, Maranatha owes Plaintiff a total of $1,730,179.85, consisting of $1,464,493.44 in unpaid principal, $179,675.87 in interest, $85,985.54 in late fees, and a $25 administrative fee.  (*Id.* at 8). Plaintiff also requests recovery of expenses, costs, and attorney's fees expended in an effort to protect Plaintiff's security interest as provided for in the Note.  Plaintiff filed a verified complaint pursuant to this Court's diversity jurisdiction alleging claims for (1) breach of promissory note against Maranatha, (2) mortgage foreclosure against Maranatha and Mr. Adriatico, (3) foreclosure of security interest in leases and rents against Maranatha and Mr. Adriatico, (4) foreclosure of security interest in personal property against Maranatha and Mr. Adriatico, and (5) breach of guaranty against Mr. Adriatico.

Plaintiff currently seeks to enforce the Assignment of Rents pursuant to Florida Statute § 697.07.  (Doc. 8).  Maranatha opposes the relief sought by Plaintiff asserting that Plaintiff has not presented verified or authenticated evidence in support of its motion and that Plaintiff has failed to establish good cause.  (Doc. 17).

## DISCUSSION

Florida Statute § 697.07 provides that when a mortgagor agrees to an assignment of rents, the assignment becomes enforceable upon the mortgagor's default and written demand by the mortgagee.  Fla. Stat. § 697.07(3); *see also Wane v. U.S. Bank Nat'l Ass'n*, 128 So. 3d 932, 934 (Fla. 2d DCA 2013).  Florida Statute § 697.07 further instructs:

> Upon application by the mortgagee or mortgagor, in a foreclosure action, and notwithstanding any asserted defenses or counterclaims of the mortgagor, a court of competent jurisdiction, pending final adjudication of any action, may require the mortgagor to deposit the collected rents into the registry of the court, or in such other depository as the court may designate.  However, the

3

court may authorize the use of the collected rents, before deposit into the registry of the court or other depository, to:

(a) Pay the reasonable expenses solely to protect, preserve, and operate the real property, including, without limitation, real estate taxes and insurance;

(b) Escrow sums required by the mortgagee or separate assignment of rents instrument; and

(c) Make payments to the mortgagee.

The court shall require the mortgagor to account to the court and the mortgagee for the receipt and use of the collected rents and may also impose other conditions on the mortgagor's use of the collected rents.

Fla. Stat. § 697.07(4).

The Assignment of Rents executed by Maranatha states that Plaintiff is entitled to all rents from the Properties upon default under the loan documents. (Doc. 8, Ex. 2). Plaintiff's verified complaint states that Maranatha defaulted by failing to pay the loan in full upon its maturity in October 2012 and by failing to pay the 2013 and 2014 property taxes. (Doc. 1 at 7-8). Plaintiff sent Maranatha a demand letter informing it of the default and demanding that the default be cured. (Doc. 1, Ex. 12, Doc. 8, Ex. 2). The demand letter also included a demand that all rents received from the Properties be turned over to Plaintiff pursuant to the Assignment of Rents. (*Id.*).

**1.     Whether Plaintiff has presented authenticated evidence entitling it to enforce the Assignment of Rents.**

Maranatha opposes the enforcement of the Assignment of Rents arguing that Plaintiff has not complied with Florida Statute § 697.07 because it did not present verified or authenticated evidence demonstrating that Plaintiff presented a written demand to enforce the Assignment of Rents. (Doc. 17 at 3-5). In support of its position, Maranatha

4

relies upon *Wane v. U.S. Bank National Ass'n*, 128 So. 3d 932, in which the court held that an unauthenticated default letter sent to a mortgagor by mortgagee was legally insufficient proof to demonstrate that the mortgagee was entitled to a direct assignment of rents during the pendency of a foreclosure proceeding.  In seeking a direct assignment of rents, the mortgagee in *Wane* attached to its motion an unauthenticated copy of a letter purportedly notifying the mortgagor of his default.  *Id.* at 933.  The court held that when a mortgagee seeks a direct assignment of rents, as opposed to sequestration of rents, the mortgagee must demonstrate proof of default and proof of a written demand for the rents.  *Id.* at 934. According to the Court, an unauthenticated letter was insufficient to provide the necessary proof to permit direct payment of the assignment of rents to the mortgagee.  *Id.*  The court noted, however, that if sequestration of the rents into the court registry had been ordered, the unauthenticated letter would have been sufficient.  *Id.*

Contrary to Maranatha's assertion, *Wane* does not stand for the proposition that Plaintiff is not entitled to enforce the Assignment of Rents.  Rather, *Wane* is concerned with the *method* by which Plaintiff can enforce the assignment.  Failure to present authenticated evidence of compliance with Florida Statute § 697.07 would not preclude Plaintiff from enforcing the Assignment of Rents, it would simply limit Plaintiff's enforcement mechanism to sequestration rather than direct collection of the rents from Maranatha.

Additionally, unlike *Wane*, where the demand letter was not authenticated in any manner, Plaintiff's demand letter is authenticated.  Nathan Cichon, an Asset Manager for Plaintiff, who had access to and control over the books and records kept by Plaintiff in

regard to the loan documents described by Plaintiff's verified complaint, provided a verification to Plaintiff's complaint.  (Doc. 1 at 19).  Mr. Cichon attested that the verification was based upon his "own personal knowledge of the facts involved or based upon his review of the books and records customarily kept and maintained by Plaintiff." (*Id.*).  Personal knowledge can be obtained based upon a review of relevant business files and records.  *See Atlantic Marine Fla., LLC v. Evanston Ins. Co.*, No. 3:08-cv-538-J-20TEM, 2010 WL 1930977, at *1-2 (M.D. Fla. May 13, 2010) (concluding that a review of records is sufficient to demonstrate personal knowledge).  Thus, the demand letter, which was attached as an exhibit to Plaintiff's verified complaint, was authenticated.

Maranatha asserts that Mr. Cichon, as an employee of Plaintiff, cannot attest to the authenticity of the demand letter because the demand letter was prepared by Plaintiff's attorney.  (Doc. 17 at 4).  Mr. Cichon attested that the facts contained in the complaint, including the delivery of the demand letter to Maranatha, were based upon a review of records kept in the ordinary course of Plaintiff's regularly conducted business activity. Therefore, Mr. Cichon would have had personal knowledge of the demand letter and would be competent to attest to its authenticity.

Plaintiff has demonstrated that it sent Maranatha a demand letter seeking to enforce the assignment of rents.  Plaintiff also demonstrated that Maranatha received a copy of the demand letter.  (Doc. 33, Ex. A).  Plaintiff has therefore complied with the requirements of Florida Statute § 697.07.

**2.**     **Whether Plaintiff must demonstrate good cause before it can seek to enforce the Assignment of Rents.**

Maranatha next argues that Plaintiff is not entitled to enforce the Assignment of Rents because it has not demonstrated good cause.  (Doc. 17 at 5-6).  Specifically, Maranatha asserts that Plaintiff must demonstrate that the value of the property is insufficient to satisfy the mortgage before an assignment of rents can be enforced.  (*Id.*). In asserting this proposition, Maranantha relies on *Florida Reinvestment Corp. v. Cypress Savings Ass'n*, 509 So. 2d 1352 (Fla. 4th DCA 1987).  *Florida Reinvestment Corp.* dealt with the propriety of appointing a receiver and the assignment of rents in the context of a receivership.  Here, Plaintiff is seeking to enforce an assignment of rents pursuant to Florida Statute § 697.07, not the appointment of a receiver.  *Florida Reinvestment Corp.* is therefore inapplicable.  Maranatha has presented no other Florida law which requires that Plaintiff demonstrate that the value of the property would be insufficient to satisfy the mortgage before an assignment of rents could be enforced under Florida Statute § 697.07.

In fact, such a requirement would be in direct opposition to the plain language of Florida Statute § 697.07, which specifically provides for the enforcement of an assignment of rents upon default and written demand for the rents.  *See* Fla. Stat. § 697.07(3); *see also Wane*, 128 So. 3d at 934 (recognizing that enforcement of an assignment of rents is governed by Florida Statute § 697.07).  It does not state that a mortgagee must demonstrate good cause for enforcing the assignment.  *See* Fla. Stat. § 697.07(3).  Because there is no requirement under Florida law that Plaintiff demonstrate good cause before the Assignment of Rents could be enforced, Maranatha's argument is without merit.

Maranatha has not provided a single meritorious reason to deny the relief sought by Plaintiff; consequently, Plaintiff's motion to enforce the Assignment of Rents should be granted.

**3.     Whether Marantha's assertion of the Fifth Amendment privilege against self-incrimination prevents it from complying with any order to provide an accounting or other relevant documentation to Plaintiff.**

Plaintiff has requested that in enforcing the Assignment of Rents, the Court require Maranatha to provide Plaintiff with, among other things, an accounting of the security deposits maintained in connection with the rents and an accounting of the expenses associated with the Properties and rents, including a copy of all leases and rent rolls pertaining to the Properties.  (Doc. 8 at 8-9).  Maranatha objects to this requested relief invoking the Fifth Amendment privilege against self-incrimination.  (Doc. 17 at 6-7).  As discussed in greater detail in the Court's order granting in part Plaintiff's motion to strike Maranatha's answer (Doc. 45), Maranatha, as a corporation, has no right to invoke the Fifth Amendment privilege against self-incrimination.  Therefore, Maranatha has no right to oppose the relief requested by Plaintiff on Fifth Amendment grounds.

## CONCLUSION

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1.  Plaintiff's Motion for Entry of Order Enforcing Assignment of Rents Pursuant to Florida Statute § 697.07 (Doc. 8) is GRANTED to the extent described below.

2.  Within fourteen (14) days of the date of this Order, Maranatha Properties, Inc., or any agent or representative of Maranatha collecting rents from the Properties, shall turn over to Plaintiff all rents in its possession or control from the time of Plaintiff's May 28,

2015 demand letter to the present.  Thereafter, Maranatha shall turn over any rents received to Plaintiff within seven (7) days of their receipt, less payment of any expenses necessary to protect, preserve, and operate the Properties, including, without limitation, real estate taxes and insurance.

3.   Maranatha is directed to deliver monthly operating statements to Plaintiff itemizing all rents received in connection with the Properties and all disbursements in payment of expenses.  Maranatha shall also deliver monthly to Plaintiff a balance sheet, income and expense statements for the prior month and year-to-date, and the prior month's check register and general ledger.  It is Maranatha's responsibility and obligation to provide Plaintiff with documentation to support the payment of any expenses it deems necessary to protect, preserve, and operate the Properties.  The Court expects the parties to resolve any disputes that may arise concerning whether an expense is necessary to preserve and protect the Properties.

4.   Within twenty-one (21) days of the date of this Order, Maranatha shall provide to Plaintiff (1) an accounting of all security deposits maintained in connection with the Properties, (2) bank account records reflecting holdings of rents and security deposits as of Plaintiff's May 28, 2015 demand letter, and (3) an accounting of all expenses of the Properties and rents collected since Plaintiff's May 28, 2015 demand letter, together with copies of all leases and all rent rolls pertaining to the Properties.[2]

---

[2]Because Plaintiff is concerned that expenses going forward may exceed historical average expenses, Plaintiff requests that the Court require Maranatha to (1) provide financial documentation of the average operating expenses during the six months preceding this Order, and (2) request Plaintiff's or the Court's permission to pay expenses exceeding ten percent more than the average monthly expenses for Properties.  (Doc. 8 at 8).  Plaintiff has not explained why it believes the expenses going forward will exceed historical averages.  Because Plaintiff's concern is unfounded, it unnecessary to grant this request at this time.

5.   Any monies received by Plaintiff from rents shall be applied to the mortgage in accordance with the loan documents and Plaintiff shall account to Maranatha for such application.

**DONE** and **ORDERED** in Tampa, Florida, this 26th day of January, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record