**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

PNC BANK, NATIONAL
ASSOCIATION, successor to RBC
BANK (USA), which was the
successor to FLORIDA CHOICE
BANK,

    Plaintiff,

v.                                        Case No: 5:15-cv-563-Oc-30PRL

MARANATHA PROPERTIES, INC.,
a Florida corporation, and JUAN
ADRIATICO,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Strike Defendants' Amended Answers (Doc. 52) and Defendants' Response in Opposition (Doc. 53). The Court, having considered the motion and response, and being otherwise fully advised in the premises, concludes that Plaintiff's motion should be granted.

### BACKGROUND

Plaintiff initiated this action seeking to enforce loan documents and to foreclose a mortgage. (Doc. 1). On December 10, 2015, Defendants filed a single answer; the answer declined to respond to each and every allegation contained in Plaintiff's complaint on the grounds of the Fifth Amendment privilege against self-incrimination. (Doc. 23).

On January 4, 2016, Plaintiff filed a motion to strike Defendants' answer, arguing, in relevant part, that Defendant Maranatha Properties, Inc. had no right to assert a Fifth Amendment privilege and that Defendant Juan Adriatico improperly invoked the privilege in blanket fashion. (Doc. 32).

On January 21, 2016, the Court granted Plaintiff's motion to strike to the extent that it concluded that Maranatha Properties could not invoke the privilege against self-incrimination and Adriatico could not make a blanket invocation of the Fifth Amendment privilege. The Court granted Defendants leave to amend their answers accordingly. (Doc. 45).

On February 2, 2016, Defendants filed amended answers. (Docs. 48, 49). Curiously, Defendants "respectfully" declined to answer or deny numerous allegations on the basis of the following privileges/rights: "Preservation/Reservation of Due Process Rights to Develop Record" and "Assertion of Florida and Fifth Amendment Rights and Privileges; Florida Constitutional Right to Privacy; and Florida Attorney-Client Privilege." *Id.* Adriatico asserted two additional grounds to decline to answer: the Fifth Amendment and Florida's constitutional right to privacy. (Doc. 48).

Plaintiff now moves to strike Defendants' assertions of due process, attorney-client privilege, and Florida's constitutional right to privacy.[1] Plaintiff contends that these assertions do not excuse Defendants from their Rule 8 obligations to "admit or deny" each allegation asserted against them in the complaint. The Court agrees.

---

[1] Plaintiff does not move to strike Adriatico's amended answer to the extent that it invokes the Fifth Amendment privilege.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 12(f), a party may move to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." But striking an allegation from a pleading is an extreme measure and will rarely be granted. *See Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) ("A motion to strike is a drastic remedy . . . which is disfavored by the courts." (internal quotation marks omitted)). Generally, a motion to strike will "be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Seibel v. Soc'y Lease, Inc.*, 969 F. Supp. 713, 715 (M.D. Fla. 1997).

Defendants' amended answers are prime examples of insufficient and immaterial assertions. As Plaintiff points out in its motion, there is simply no basis under the law to avoid answering a complaint by asserting due process, attorney-client privilege, and privacy concerns. There is no need to reserve these rights at this point. And there is no authority that permits Defendants to avoid answering the allegations under these circumstances. In fact, Defendants' arguments to the contrary are so devoid of merit that they deserve little attention. For example, with respect to Adriatico's invocation of his right to privacy to avoid answering the complaint's substantive allegations, he argues that "the contents of [his] mind are clearly within his 'zone-of-privacy' and are, thus, independently protected" under the Florida Constitution. (Doc. 53). Under this novel theory, any individual defendant could avoid answering a complaint due to a violation of his secret thoughts.

In sum, Defendants' amended answers to the extent that they assert baseless objections to avoid answering the complaint border on dilatory conduct and will be stricken. Defendants are cautioned that the Court will not hesitate to enter sanctions against them, including, but not limited to entering an order deeming the complaint's allegations admitted if they continue to assert baseless and groundless objections in an attempt to avoid answering the complaint. Such delay tactics will not be tolerated.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion to Strike Defendants' Amended Answers (Doc. 52) is granted.

2. Defendants shall file amended answers to Plaintiff's complaint consistent with this Order within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on April 25, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record