**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

RH FL, LLC,

    Plaintiff,

v.                                          Case No: 5:15-cv-563-Oc-30PRL

MARANATHA PROPERTIES, INC.
and JUAN ADRIATICO,

    Defendants.

## ORDER

THIS CAUSE comes before the Court on Plaintiff's Motion for Summary Judgment (Doc. 63), and Defendants' response in opposition (Doc. 65). The Court has considered these filings, the record, and the relevant law, and concludes the motion should be granted.

## PROCEDURAL AND FACTUAL BACKGROUND

Former plaintiff PNC Bank, National Association ("PNC") filed this action against Defendants Maranatha Propertys, Inc. and Juan Adriatico for breach of a promissory note, foreclosure of a mortgage, foreclosure of leases and rents, foreclosure of security interest in personal property, and enforcement of a guaranty. (Doc. 1). Defendants either admitted to not paying the amounts owed or refused to answer the allegations in the complaint.

On July 20, 2016, PNC moved for summary judgment. (Doc. 63). Attached to the summary judgment motion are nearly a hundred pages of documents, supporting PNC's motion and the relief requested in the complaint. Specifically, PNC provided the

promissory note, mortgage, assignment of rents and leases, guaranty, "changes in terms," a transaction history, and other documents necessary to show its entitlement to relief.

On September 12, 2016, current Plaintiff RH FL, LLC ("Plaintiff") moved to substitute as Plaintiff, and adopted Plaintiff's previously filed motion. (Doc. 70). Plaintiff attached documents to its motion to substitute (Doc. 70) and reply (Doc. 76) showing it obtained PNC's interest via a series of sales and assignments that occurred in August 2016.

## DISCUSSION

### A. Summary Judgment Standard

Motions for summary judgment should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation marks omitted); Fed. R. Civ. P. 56(c). Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *U.S. v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004).

**B. Analysis**

Defendants raise a single argument as to why the Court should not grant Plaintiff's motion: that the Court lacks jurisdiction. Defendants raised this same argument in their Motion to Involuntarily Dismiss Complaint (Doc. 62), which the Court denied. (Doc. 69). Defendant argue that the parties are required to litigate this dispute in court in Lake County, Florida, pursuant to an agreement. Denying their motion, this Court explained that Defendants' had waived the improper venue argument and that the agreement on which Defendants relied was superseded by subsequent "changes in terms." (Doc. 69). For those same reasons, the Court again rejects Defendants' jurisdictional argument.

Although the Court rejects Defendants' only argument in opposition to summary judgment, that alone does not entitle Plaintiff to the relief. *Id.* Rather, the Court must consider whether the record evidence proves that there are no genuine issues of material fact and that Plaintiff is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322.

The Court concludes Plaintiff is entitled to summary judgment. The record makes clear—and, indeed, Defendants do not dispute many of the material allegations—that Plaintiff is entitled to the relief it seeks. In reaching this conclusion, the Court takes into account the documents attached to the verified complaint (Doc. 1), the summary judgment motion (Doc. 63), the motion to substitute (Doc. 70), and the reply to the motion to substitute (Doc. 76). As such, Plaintiff's motion is due to be granted in all respects.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Summary Judgment (Doc. 63) is GRANTED.

2. Plaintiff's counsel is directed to provide the Court with a proposed judgment setting out the requested relief.

**DONE** and **ORDERED** in Tampa, Florida, this 18th day of October, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record