UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RH FL, LLC, an Oregon limited liability
company,

    Plaintiff,

v.                                            Case No: 5:15-cv-563-Oc-30PRL

MARANATHA PROPERTIES, INC.
and JUAN ADRIATICO,

    Defendants.
_____/

**FINAL SUMMARY JUDGMENT OF FORECLOSURE
UNDER COUNTS II–IV AND FINAL SUMMARY
JUDGMENT UNDER COUNTS I & IV**

Consistent with this Court's Order granting summary judgment, ECF No. 78; the parties' joint Notice of Settlement and Joint Stipulation to Entry of Foreclosure Judgment, ECF No. 79; and Federal Rule of Civil Procedure 58:

1.    The parties' settlement agreement is APPROVED and entry of a foreclosure judgment is recognized as a condition of the settlement.

2.    Plaintiff RH FL, LLC is entitled to partial summary judgment of liability against Defendant MARANATHA PROPERTIES, INC. on Count I of the Complaint for breach of promissory note, and against Defendant JUAN ADRIATICO on Count V of the Complaint for breach of guaranty.

1

3. Plaintiff RH FL, LLC, whose address is 2250 NW Flanders St, Suite Garden 02, Portland, OR 97210, is entitled to final summary judgment foreclosing its security interests as described in Counts II, III, and IV of the Complaint.

4. Plaintiff, RH FL, LLC, c/o, is due the following amount:

| | |
|---|---:|
| Principal | $ 1,464,493.44 |
| Interest through but not including July 8, 2016 | $ 193,778.97 |
| Interest from July 8, 2016 up to October 18, 2016 (Per diem $203.40 * 102 days) | $ 20,746.80 |
| Subtotal Amount Due Principal/Interest | $ 1,679,019.21 |
| ADDITIONAL FEES AND COSTS | |
| Late Fees | $ 88,759.29 |
| Taxes | $ 140,035.99 |
| Subtotal Amount Due for Costs and Fees | $ 228,795.28 |
| TOTAL AMOUNT OWED TO PLAINTIFF | $ 1,907,814.49 |

Such amount is without prejudice to any future determination of taxable costs and attorney's fees to be determined in accordance with the Federal Rules of Civil Procedure, any applicable local rules and orders, and the parties' settlement agreement.

5. Defendants, MARANATHA PROPERTIES, INC. and JUAN ADRIATICO, are liable to Plaintiff for the amount stated in Paragraph 3, plus interest accruing at the statutory rate per annum from October 18, 2016 until satisfied, less the fair market value of the property being foreclosed below as of the

date of the foreclosure sale. **Execution shall not issue on this judgment pending further order of the Court.**

6. Plaintiff holds a lien for the total sums superior to any claim or estate of the Defendants on the following described real and personal property located in Marion County, Florida and Lake County, Florida:

PARCEL NO. 1:

LOTS 23 THROUGH 38 INCLUSIVE, BLOCK 722, SILVER SPRINGS SHORES, UNIT NO. 29, ACCORDING TO THE MAP OR PLAT THEREOF AS RECORDED IN PLAT BOOK J, PAGES 229 THROUGH 231, PUBLIC RECORDS OF MARION COUNTY, FLORIDA.

PARCEL NO. 2:

THAT PART OF THE WEST 700 FEET OF THE NORTHEAST 1/4 OF THE SOUTHEAST 1/4 OF SECTION 32, TOWNSHIP 19 SOUTH, RANGE 27 EAST, LAKE COUNTY, FLORIDA, LYING SOUTH OF THE SOUTHERLY LINE OF THE RIGHT OF WAY OF THE SEABOARD COAST LINE RAILROAD, LESS THE RIGHT OF WAY OF ROBIE STREET.

AND

THAT PART OF BLOCK 13, THAT PART OF THE ABANDONED WARDELL AVENUE AND THAT PART OF THE UN-NAMED STREET LYING NORTH OF SAID BLOCK 13 AND SOUTH OF THE SOUTHERLY RIGHT OF WAY LINE OF THE OLD SEABOARD COASTLINE RAILROAD, ACCORDING TO THE PLAT OF SADDLER'S SUBDIVISION IN MOUNT DORA, FLORIDA, AS RECORDED IN PLAT BOOK 4, PAGE 31, PUBLIC RECORDS OF LAKE COUNTY, FLORIDA, DESCRIBED AS FOLLOWS: FROM THE SOUTHEAST CORNER OF THE NORTHWEST 1/4 OF THE SE 1/4 OF SECTION 32, TOWNSHIP 19 SOUTH, RANGE 27 EAST, LAKE COUNTY, FLORIDA, RUN

THENCE NORTH 0°50' WEST ALONG THE EAST LINE OF THE SAID NW 1/4 OF THE SE 1/4 A DISTANCE OF 25 FEET TO A POINT ON THE NORTH RIGHT OF WAY LINE OF ROBIE STREET FOR A POINT OF BEGINNING; CONTINUE THENCE NORTH 0°50' WEST ALONG SAID EAST LINE OF THE NW 1/4 OF THE SE 1/4 OF SECTION 32 TO A POINT ON THE SOUTHERLY RIGHT OF WAY LINE OF THE FORMER SEABOARD COASTLINE RAILROAD (OLD ATLANTIC COASTLINE RAILROAD); THENCE SOUTH 75°32'32" WEST ALONG THE SAID SOUTHERLY RIGHT OF WAY LINE OF SAID SEABOARD COASTLINE RAILROAD TO A POINT ON A LINE, SAID LINE HAVING A BEARING OF NORTH 01°43'59" WEST FROM A POINT, SAID POINT BEING SOUTH 89°46'41" WEST, WHEN MEASURED ALONG THE NORTHERLY RIGHT OF WAY LINE OF ROBIE STREET A DISTANCE OF 171.39 FEET FROM THE POINT OF BEGINNING; THENCE SOUTH 01°43'59" EAST ALONG SAID LINE TO A POINT ON THE SAID NORTHERLY RIGHT OF WAY LINE OF ROBIE STREET; THENCE NORTH 89°46'41" EAST ALONG SAID NORTHERLY RIGHT OF WAY LINE OF ROBIE STREET 171.39 FEET TO THE POINT OF BEGINNING AND POINT OF TERMINUS.

TOGETHER WITH:

A. ALL BUILDINGS, STRUCTURES AND IMPROVEMENTS OF EVERY NATURE WHATSOEVER NOW OR HEREAFTER SITUATED ON THE LAND, AND ALL FIXTURES OF EVERY NATURE WHATSOEVER NOW OR HEREAFTER OWNED BY THE MORTGAGOR AND LOCATED IN, ON, OR USED OR INTENDED TO BE USED IN CONNECTION WITH OR WITH THE OPERATION OF THE LAND, BUILDINGS, STRUCTURES OR OTHER IMPROVEMENTS, INCLUDING ALL EXTENSIONS, ADDITIONS, IMPROVEMENTS, BETTERMENT, RENEWALS, AND REPLACEMENTS TO ANY OF THE FOREGOING; AND ALL OF THE RIGHT, TITLE AND INTEREST OF THE MORTGAGOR IN ANY SUCH FIXTURES SUBJECT TO A CONDITIONAL SALES CONTRACT, CHATTEL MORTGAGE OR SIMILAR LIEN OR CLAIM TOGETHER WITH THE BENEFIT OF ANY DEPOSITS OR PAYMENTS NOW OR HEREAFTER MADE BY THE MORTGAGOR OR ON ITS BEHALF;

B.   ALL EASEMENTS, RIGHTS OF WAY, STRIPS AND GORES OF LAND, STREETS, WAYS, ALLEYS, PASSAGES, SEWER RIGHT, WATER, WATER COURSES, WATER RIGHTS AND POWERS, AND ALL ESTATES, RIGHTS, TITLES, INTERESTS, PRIVILEGES, LIBERTIES, TENEMENTS, HEREDITAMENTS AND APPURTENANCES WHATSOEVER, IN ANY WAY BELONGING, RELATING OR APPERTAINING TO ANY OF THE PROPERTY HEREIN ABOVE DESCRIBED, OR WHICH HEREAFTER SHALL IN ANY WAY BELONG, RELATE OR BE APPURTENANT THERETO, WHETHER NOW OWNED OR HEREAFTER ACQUIRED BY MORTGAGOR, AND THE REVERSION AND REVERSIONS, REMAINDER AND REMAINDERS, RENTS, ISSUES, PROFITS THEREOF, AND ALL THE ESTATE, RIGHT, TITLE, INTEREST, PROPERTY, POSSESSION, CLAIM AND DEMAND WHATSOEVER, AT LAW AS WELL AS IN EQUITY, OF MORTGAGOR OF, IN AND TO THE SAME, INCLUDING BUT NOT LIMITED TO ALL JUDGMENTS, AWARDS OR DAMAGES AND SETTLEMENTS HEREAFTER MADE RESULTING FROM CONDEMNATION PROCEEDINGS OR THE TAKING OF THE MORTGAGED PROPERTY OR ANY PART THEREOF UNDER THE POWER OF EMINENT DOMAIN, THE ALTERATION OF THE GRADE OF ANY STREET, OR FOR ANY DAMAGE (WHETHER CAUSED BY SUCH TAKING OR OTHERWISE) TO ANY OF THE PROPERTY HEREIN ABOVE DESCRIBED OR ANY PART HEREOF, OR TO ANY APPURTENANCE THERETO, AND ALL PROCEEDS OF ANY SALES OR OTHER DISPOSITIONS OF ANY OF THE PROPERTY HEREIN ABOVE DESCRIBED OR ANY PART THEREOF;

C.   ALL RENTS, ROYALTIES, ISSUES, PROFITS, REVENUE, INCOME AND OTHER BENEFITS FROM THE LAND OR ANY OF THE OTHER PROPERTY HEREIN ABOVE DESCRIBED;

D.   ALL RIGHT, TITLE AND INTEREST OF MORTGAGOR IN AND TO ANY AND ALL LEASES NOW HEREAFTER ON OR AFFECTING THE MORTGAGED PROPERTY, TOGETHER WITH ALL SECURITY THEREFOR AND ALL MONEYS PAYABLE THEREUNDER; PROVIDED,

HOWEVER, THE FOREGOING ASSIGNMENT OF ANY LEASE SHALL NOT BE DEEMED TO IMPOSE UPON MORTGAGEE ANY OF THE OBLIGATIONS OR DUTIES OF MORTGAGOR PROVIDED IN ANY SUCH LEASE, AND MORTGAGOR AGREES TO FULLY PERFORM ALL OBLIGATIONS OF THE LESSOR UNDER ALL SUCH LEASES; AND

     E.   ALL GOODS, PERSONAL PROPERTY, FURNITURE, FIXTURES, EQUIPMENT, INSTRUMENTS, DOCUMENTS, CHATTEL PAPER, ACCOUNTS, CONTRACT RIGHTS AND GENERAL INTANGIBLES (AS SUCH TERMS ARE DEFINED IN THE UNIFORM COMMERCIAL CODE) NOW OR HEREAFTER LOCATED ON, USED IN THE DEVELOPMENT OR OPERATION OF OR ARISING FROM ANY BUSINESS OPERATED ON THE MORTGAGED PROPERTY, INCLUDING, BUT NOT LIMITED TO: (I) ALL PROPERTY, EQUIPMENT AND FIXTURES AFFIXED TO OR LOCATED ON THE MORTGAGED PROPERTY, WHICH, TO THE FULLEST EXTENT PERMITTED BY LAW, SHALL BE DEEMED FIXTURES AND A PART OF THE LAND, (II) ALL ARTICLES OF PERSONAL PROPERTY AND ALL MATERIALS DELIVERED TO THE MORTGAGED PROPERTY FOR THE USE AND OPERATION OF SAID PROPERTY OR FOR USE IN ANY CONSTRUCTION BEING CONDUCTED THEREON, AND OWNED BY MORTGAGOR, (III) ANY AND ALL RIGHTS AND BENEFITS OF MORTGAGOR RELATING TO THE MORTGAGED PROPERTY, INCLUDING, BUT NOT LIMITED TO, DEVELOPMENT RIGHTS, UTILITY CAPACITY RIGHTS OR RESERVATIONS, ENGINEERING PLANS, CONSTRUCTION CONTRACTS, SERVICE CONTRACTS, ADVERTISING CONTRACTS, PURCHASE ORDERS, EQUIPMENT LEASES, GENERAL INTANGIBLES, ACTIONS AND RIGHTS OF ACTION, DEPOSITS BY OR WITH MORTGAGOR, PREPAID EXPENSES, PERMITS, LICENSES, INSURANCE PROCEEDS, AND PREPAID INSURANCE PREMIUMS, (IV) ALL RIGHT, TITLE AND INTEREST OF THE MORTGAGOR IN ALL TRADENAMES HEREINAFTER USED IN CONNECTION WITH THE USE OF THE MORTGAGED PROPERTY, AND (V) ALL PROCEEDS, PRODUCTS, REPLACEMENTS, ADDITIONS, SUBSTITUTIONS, RENEWALS AND ACCESSIONS OF ANY OF THE FOREGOING.

7. If the total sum with interest at the rate prescribed by law and all costs of this action accruing subsequent to this Judgment are not paid prior to the commencement of the sale by the United State Marshal (the "Marshal"), the Marshal is ordered and directed to sell the property at public sale.

8. Pursuant to Federal Rule of Civil Procedure 69, the procedures for sale shall be in accordance with the practice and procedure in the State of Florida as provided in Chapter 45, Florida Statutes (2016) except that title shall vest in the purchaser pursuant to a United States Marshal's Deed issued after confirmation of any sale by this Court.

9. The Marshal shall advertise the sale of the subject property in accordance with 28 U.S.C. §§ 2001–2002, and after giving proper notice, conduct the sale of the property at the Golden-Collum Memorial Federal Building & U.S. Courthouse, 207 N.W. Second Street, Ocala, Florida 34475.

10. Plaintiff is authorized to bid at the sale and any bid by the Plaintiff shall be credited against the indebtedness due the Plaintiff under Paragraph 1 herein. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Marshal if Plaintiff is not the purchaser of the property at the sale in accordance with the Order Confirming Sale. If Plaintiff is the purchaser at the sale, the Marshal shall credit Plaintiff's bid with the total sum in Paragraph 1, with interest and costs accruing subsequent to this judgment or such part of it as is necessary to

pay the bid in full. If a third party is the purchaser at the sale, 10% of the bid price by certified check or cashier's check shall be paid at the time of the sale with the balance to be paid by certified check or cashier's check to the Marshal within 24 hours after the sale.

11. Upon sale being made, then the Marshal is directed to make a report and accounting of the proceeds realized from the sale, if any, and the bidder, or bidders, at such sale and report the amount of the sale for confirmation. The Marshal shall file the report of sale with the Court no later than fifteen (15) days after the sale. Upon the sale being made, the Marshal shall retain the proceeds thereof until the Order Confirming Sale is entered by the Court.

12. Upon the sale being made of the property and confirmed by this Court, the Court shall direct the Marshal to execute a United States Marshal's Deed to the property. At said time, the Defendants and all persons claiming under or against them since the filing of the Notice of Lis Pendens are foreclosed of all estate or claim in the property being sold, and shall be forever barred and foreclosed of any and all equity or right of redemption in and to said property, and the purchaser at the sale shall be let into possession of the property.

13. The Marshal shall distribute the proceeds of the sale in accordance with the Order Confirming Sale.

14. If the subject property is sold at public auction, there may be additional money from the sale after payment of persons who are entitled to be paid from the sale proceeds pursuant to the final judgment of foreclosure.

15. If you are a subordinate lienholder claiming a right to funds remaining after the sale, you must file a claim with the United States Marshal no later than 60 days after the sale. If you fail to file a claim, you will not be entitled to any remaining funds. If you are the property owner, you may claim these funds yourself. You are not required to have a lawyer or any other representation and you do not have to assign your rights to anyone else in order for you to claim any money to which you are entitled. Please check with the United States Marshal within ten (10) days after the sale to see if there is additional money from the foreclosure sale.

16. On filing the Certificate of Title, Defendants and all persons claiming under or against the subject property since the filing of the Notice of Lis Pendens are foreclosed of all estate or claim in the property and the purchaser at the sale shall be let into possession of the property. This provision of the judgment shall not be construed as extending the time during which the Defendants may exercise a right of redemption. As set forth below, the Defendants' right of redemption expires at the time of the judicial sale ordered in this Judgment.

17. Pursuant to §45.03l5, Florida Statutes, at any time before the filing of issuance of the Marshal's Deed, Defendants may cure the indebtedness adjudicated

due herein and prevent a foreclosure sale by paying the amount of monies specified in this Judgment, plus the reasonable expenses of proceeding to foreclosure incurred to the time of the tender, including reasonable attorneys' fees of the plaintiff. Otherwise, there is no right of redemption.

18.   This Court retains jurisdiction over this matter for the purposes, as appropriate, of enforcing this Judgment; enforcing the parties' settlement; entering a deficiency judgment; determining taxable costs; determining additional attorney's fees and costs incurred by Plaintiff in pursuing entry of a deficiency judgment; and handling any motions or other matters related to the enforcement or collection of any such deficiency judgment.

19.   Any and all time periods related to motions, applications, or other filings related to taxable costs, attorney's fees, and any deficiency or other money judgment shall be HELD IN ABEYANCE and EXTENDED INDEFINITELY pending further Court order, consistent with the parties' settlement.

20.   The parties are ordered to file a status report no earlier than ninety (90) days after the issuance of the last Marshal's Deed provided herein informing the Court of the status of the settlement agreement and whether both parties agree that it has been fully performed as of the date of the status report.

21.   To the extent necessary, I direct the entry of judgment with respect to all *in rem* remedies provided herein under Federal Rule of Civil Procedure 54(b).

22. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 3rd day of November, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record